UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   15-61781-CIV-GAYLES/TURNOFF

ANTHONY DEMETRIUS GARLAND,

    Plaintiff,
vs.

B.S.O MAIL CRIME LAB DEPUTY, et al.,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. Plaintiff, Anthony Garland ("Plaintiff"), appearing *pro se*, has filed a Complaint against forty Defendants, including various Broward Sheriff's Office deputies, several prosecutors and defense attorneys, Florida Circuit Court Judges, Florida Supreme Court Justices, United States Magistrate Judge Patrick A. White, and unidentified prison officials and correctional officers [ECF No. 1]. Because Plaintiff moved to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. section 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). Upon initial screening, the Court finds Plaintiff's Complaint fails to state a claim upon which relief may be granted.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8.

Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

Plaintiff asserts that the Defendants conspired to deprive him of his constitutional rights, resulting in his conviction and allegedly wrongful imprisonment. Plaintiff seeks damages for the time he was "illegally held," punitive damages, and injunctive relief. Although Plaintiff has named over twenty Defendants, he fails to identify with particularity how each Defendant deprived him of his constitutional rights. In addition, Plaintiff fails to sufficiently identify how the Defendants conspired to wrongfully convict and imprison him. Accordingly, Plaintiff fails to state a claim for relief.

Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When a prisoner seeks damages in a § 1983 suit, the Court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* *Heck* requires the dismissal of a civil rights action that attacks the constitutionality of a plaintiff's confinement unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus. *Id*. Because Plaintiff's Complaint attacks the constitutionality of his conviction

2

and sentence even though his conviction and sentence stand, it must be dismissed.[1]

Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED without prejudice**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED** and the Clerk is instructed to mark the case as **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:  Magistrate Judge Turnoff
     All Counsel of Record

---

[1] While in custody, Plaintiff filed over twenty civil actions challenging his state criminal conviction. *See e.g.* 08-cv-61144-MCG; 08-cv-61054-WPD; 08-cv-61052-AJ; 08-cv-61020-WPD; 08-cv-61322-WPD; 08-cv-61289-FAM; 09-cv-61291; 10-cv-60880-COHN; 12-cv-61507-KMM.  In each case, Plaintiff makes the same or similar allegations regarding his conviction.  Each time, the Court has dismissed Plaintiff's claims.  *See Garland v. State of Florida, et. al.*, Case No. 08-cv-61052-AJ ("Mr. Garland simply cannot use a § 1983 civil rights suit to overturn his state criminal conviction.").  This action is no different from Plaintiff's prior actions.